IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELK CREEK CORPORATION, | CIVIL ACTION |
| Plaintiff, | No. 1:25-cv-00131 |
| v. | |
| MICROTECH KNIVES, INC. | *Electronically Filed* |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Elk Creek Corporation, ("Plaintiff" or "Hawk Knives"), by and through its undersigned counsel of record, DORSEY & WHITNEY, LLP and THE WEBB LAW FIRM, by way of complaint against Defendant Microtech Knives, Inc., ("Defendant" or "Microtech") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271. Hawk Knives brings this action to stop Microtech's infringement of U.S. Patent No. 9,498,889 titled "Double Action, Out The Front, Automatic Knife" ("the '889 Patent"), attached hereto as **Exhibit A**. Hawk Knives seeks injunctive relief prohibiting Microtech from making, using, offering for sale, selling, and/or importing knives infringing the '889 Patent, as well as an award of monetary damages to compensate Hawk Knives for Microtech's infringement of the '889 Patent.

## PARTIES

2. At all times relevant hereto, Hawk Knives was and now is a corporation duly organized and existing under the laws of the State of Idaho, and having a principal place of business in Idaho City, Idaho. Hawk Knives is the owner of the entire right, title, and interest to the '889

Patent.

3. On information and belief, at all times relevant hereto, Microtech was and now is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Microtech has a registered office at 300 Chestnut Street, Bradford, Pennsylvania.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Microtech because Microtech resides in this District, and the acts of infringement have been committed within this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1400(b) because Microtech resides in this District, and has a regular and established place of business in this District and has committed acts of infringement within this District.

## PATENT IN SUIT

7. The '889 Patent was duly and legally issued by the United States Patent and Trademark Office on November 22, 2016. The named inventors are Grant Woodrow Hawk and Gavin Dan Hawk. The original assignee of the '889 Patent was Hawk Designs Inc.

8. The '889 Patent was assigned to Plaintiff Elk Creek Corporation by Hawk Designs Inc.

## FACTS GIVING RISE TO THIS ACTION
### Hawk Knives Introduces Its Deadlock Design

9. Elk Creek Corporation (Hawk Knives) sells knives under the brand Hawk Knife Designs, including through its website hawkknifedesigns.com.

10. Hawk Knives is a leading designer and manufacturer of high-quality knifes. Hawk Knives' products have enjoyed substantial success and are protected by various intellectual

property rights owned by Hawk Knives. Hawk Knives invests significant resources in protecting the intellectual property embodied by its products.

11. Among other Hawk Knives' innovations is its flagship Deadlock out-the-front (OTF) knife. The Deadlock was launched on April 24, 2015 at the Seattle Knife Show and became an instant success due to its revolutionary design. Since its launch, the Deadlock has gained a reputation as a premium OTF knife and has been featured in films, such as JOHN WICK 4.

12. Prior to the Deadlock, out-the-front knives generally exhibited an undesirable amount of blade play. The Deadlock solved this problem by incorporating a wedging system that locks the blade from moving in two planes. Hawk Knives protected this innovative wedging system via the '889 Patent.

13. Hawk Knives marks articles covered by the '889 Patent. For example, since its release, Hawk Knives' Deadlock model of knife has been marked with "Pat. #9498889" on its side:



14. The Deadlock has been recognized and praised throughout the knife industry for its design that virtually eliminates blade play. For example, one customer remarked that "The Hawk Knives Deadlock is known as the perfect OTF." *See* https://www.youtube.com/watch?v=_eWxGQ8IWIA. *See also id.* at 4:25-44 (the blade is "famous with the Deadlock, there is no blade wobble … There's literally no other out-the-front like it. … It's the only one without the blade play and that's a big deal."



In fact, in that same review, the customer noted the blade play problems that plagued other knifes, such as the Microtech Ultratech, as "it rattles." *Id.* at 9:10-38.

      15.     Another customer called with Deadlock as "close to perfection as a knife gets." *See* https://www.reddit.com/r/knifeclub/comments/prmeqy/my_personal_grail_knife_the_gg_hawk_deadlock_is_a/?rdt=44353. This comment caused others to remark how Deadlock's wedging design controls blade play, especially when compared to competitor's knives such as Microtech:



**Microtech's Knowledge of the Deadlock and Its Launch of a Competing Knife**

      16.     Microtech makes, uses, sells, offers for sale, and imports into the United States knives in competition with Hawk Knives.

      17.     Microtech has been aware of the Deadlock knife since at least June 2021.

      18.     During the June 2021 Blade Show in Atlanta, Georgia, Microtech's Chief Executive Officer, Tony Marfione, described his experience with the Deadlock, saying "I don't get excited about a whole lot, … a lot of people ask me, Tony what do you collect? … One knife I am seriously excited to get, this new piece from Gavin Hawk … These guys just made my … month. This is awesome."

      19.     Microtech has made and sold OTF knives with "Zero Blade Play" or "ZBP"

technology, including, but not limited to, the Ultratech, Luminary, and Atreus models, as well as variations branded as Marfione Custom Knives (the "Accused Products").

20. In February 2024, Microtech announced that it would be releasing a line of "Zero Blade Play" knives. *See, e.g.*, https://www.instagram.com/microtechknivesofficial/reel/C3qEQkeNkdo/?hl=en. The announcement touted a design having "zero blade play." The similarities to Hawk Design's Deadlock did not go unnoticed, with one viewer remarking that "It seems as if microtech is struggling to come up with original designs, [to be honest] it looks like they copied and pasted a deadlock over a ultratech body."



21. Due to the similarities between Hawk Knives' Deadlock and Microtech's Accused Products, knife enthusiasts almost immediately began comparing the two. For example, the YouTube Channel for Chipped Metal did a comparison of the Deadlock to the Microtech Luminary. *See* https://www.youtube.com/watch?v=RmF3dPmZ2PE. When reviewing the Deadlock, he stated that the groove and flattened cone within the Deadlock "is really what makes a Deadlock a Deadlock" (0:55-1:06), described the Microtech knife as having "a very similar interface" to the Deadlock (8:30-9:08), and stated that incorporation of this feature would

- 5 -

"revolutionize" Microtech's lineup of knives (11:00-11:43).

22. Microtech has made, sold, offered for sale within the United States, and, on information and belief has imported into the United States, products covered by one or more claims of the '889 Patent, including, but not limited to the Accused Products.

23. Microtech's manufacture, use, sale, offer for sale, and/or importation of the Accused Products constitutes infringement of at least one claim of the '889 Patent, either directly, indirectly, or under the doctrine of equivalents.

24. Hawk Knives therefore seeks damages and a permanent injunction against Microtech's manufacture, use, sale, offer for sale, or importation of the Accused Products and any other of Microtech's products or systems that infringe any claims of the '889 Patent.

## FIRST CAUSE OF ACTION
### Infringement of the '889 Patent

25. Paragraphs 1-24 are incorporated by reference as if set forth here in full.

26. Microtech has made, sold, offered for sale, imported, and/or used products in the United States, including the Accused Products, which include all of the elements and limitations of one or more of the claims of the '889 Patent.

27. Microtech has directly infringed and currently infringes the '889 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, including at least claim 9 of the '889 Patent, by making, using, selling, offering for sale, and/or importing the Accused Products without Hawk Knives' permission.

28. The Accused Products utilize a handle and a button on the surface of the handle. The button is movable between an open position and a closed position.

29. The Accused Products include a thrust mechanism that moves the blade between a position entirely within the handle and a position extending from an end of the handle.

30. The Accused Products include a blade having an integral tang connected to the thrust mechanism and the button. When the button is moved from the closed position to the open position the thrust mechanism moves the blade from being positioned entirely within the handle to a position extending from an end of the handle. When the button is moved from the open position to the closed position the thrust mechanism moves the blade from a position extending from the end of the handle to being positioned within the handle.

31. The Accused Products include a stop pin connected to the tang.

32. The Accused Products include a stop plate positioned within the handle. The stop pin mates with the stop plate to constrain movement of the blade in multiple planes.

33. The stop plate of the Accused Products has a first angled surface and a second angled surface.

34. The stop pin of the Accused Products is configured to mate with both the first angled surface and the second angled surface of the stop plate of the Accused Products when the blade is in the position extending from the end of the handle.

35. The stop pin of the Accused Products mates with both the first and second angled surfaces of the Accused Products, the blade is constrained from movement in two planes.

36. Microtech's acts of infringement of the '889 Patent were undertaken without permission or license from Hawk Knives. Microtech had actual and/or constructive knowledge of the '889 Patent, and its actions constitute willful and intentional infringement of the '889 Patent. Microtech has acted and continues to act in disregard of an objectively high likelihood that its actions constituted direct and indirect infringement of a valid patent, and knew or should have known of that objectively high risk.

37. Microtech was aware, prior to the filing of this lawsuit, of the '889 Patent.

Microtech was aware of the '889 Patent at least since June 2021 when its CEO received a Deadlock knife marked with the patent number and again after being contacted by counsel for Hawk Knives on April 9, 2025. Microtech's direct infringement of the '889 Patent, including at least after examining the Deadlock knife in June 2021, constitutes willful infringement.

38. If Microtech's infringing activities are not enjoined, Hawk Knives will suffer irreparable harm that cannot be adequately compensated by a monetary award.

39. Hawk Knives has suffered economic harm as a result of Microtech's infringing activities in an amount to be proven at trial. Hawk Knives is entitled to lost profits and no less than a reasonable royalty for Microtech's infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elk Creek Corporation prays for entry of judgment against Defendant Microtech Knives, Inc., as follows:

A. That judgment be entered that Microtech has infringed one or more claims of United States Patent No. 8,056,889, either literally and/or under the doctrine of equivalents;

B. That judgment and order be entered awarding Plaintiff damages, together with prejudgment and post judgment interest and costs, to compensate Plaintiff for Defendants' infringement of the '889 Patent;

C. That judgment be entered that the Defendants' infringement is and/or has been willful and increasing the award of damages to Plaintiff up to three times in view of Defendants' willful infringement under 35 U.S.C. § 284;

D. That a permanent injunction be entered enjoining Defendants, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '889 Patent;

E.  That judgment and order be entered finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Hawk Designs its reasonable attorney's fees and other expenses;

F.  That judgment and order be entered awarding Plaintiff all other relief to which Plaintiff may prove itself to be entitled; and

G.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: May 22, 2025

s/ *Anthony W. Brooks*
Anthony W. Brooks (PA ID No. 307446)
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
abrooks@webblaw.com

*AND*

Dana M. Herberholz (ISB No. 7440)*
Jordan L. Stott (ISB No. 9820)*
**DORSEY & WHITNEY, LLP**
101 S. Capitol Blvd., Suite 1100
Boise, ID 83702
208.617.2550
208.567.4992 (fax)
Herberholz.Dana@dorsey.com
Stott.Jordan@dorsey.com
*Pro Hac Vice forthcoming

*Attorneys for Plaintiff*