IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Elk Creek Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Microtech Knives Inc.,<br><br>    Defendant. | Civil Action No. 1:25-cv-00131<br><br>JURY TRIAL DEMANDED |

**ANSWER AND COUNTERCLAIMS TO COMPLAINT**

Defendant Microtech Knives, Inc. ("Microtech" or "Defendant"), by and through its attorneys of record, in Answer to the Complaint (ECF No. 1) filed by Plaintiff Elk Creek Corporation ("ECC" or "Plaintiff"), alleges as follows based on its knowledge, information, and belief formed after a reasonable inquiry. To the extent not expressly admitted herein, Microtech denies all factual allegations and legal claims in the Complaint, including any contained in any sub-heading of the Complaint. Defendant denies that Plaintiff is entitled to any relief or remedies requested in the Complaint.

**Nature of the Action**

1.  Defendant admits only so much of the allegations of Paragraph 1 of the Complaint as assert that Plaintiff attempts to allege a claim of patent infringement under 35 U.S.C. § 271 but denies that such claim has merit. Defendant denies the remaining allegations of Paragraph 1 and denies that Plaintiff has been damaged and/or is entitled to any relief as referenced or requested in Paragraph 1 or otherwise in the Complaint.

**The Parties**

2.	Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.	Defendant admits only so much of the allegations of Paragraph 3 of the Complaint as assert that Defendant is corporation organized and existing under the laws of the Commonwealth of Pennsylvania and has a registered office at 300 Chestnut Street, Bradford, Pennsylvania. Defendant otherwise denies the allegations contained in Paragraph 3 of the Complaint.

**Jurisdiction and Venue**

4.	In response to Paragraph 4 of the Complaint, Defendant admits this action is a purported patent infringement case, and this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.	The allegations of Paragraph 5 call for or state a legal conclusion therefore no response is required from Defendant. To the extent a response is required, Defendant does not presently dispute personal jurisdiction of the Court and admits only that it resides in this District.

6.	In response to Paragraph 6 of the Complaint, Defendant admits only that venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1400(b) because Defendant resides in this District.

**Patent in Suit**

7.	The allegations of Paragraph 7 call for or state a legal conclusion therefore no response is required from Defendant. To the extent a response is required, Defendant admits only that the '889 patent speaks for itself. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

8.The allegations of Paragraph 8 call for or state a legal conclusion therefore no response is required from Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.  Therefore, Defendant denies the same and demands strict proof thereof.

## Facts Allegedly Giving Rise To This Action

9.The allegations of Paragraph 9 are not directed at Defendant and no response is required from Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.The allegations of Paragraph 10 are not directed at Defendant and no response is required from Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.  Therefore, Defendant denies the same and demands strict proof thereof.

11.The allegations of Paragraph 11 are not directed at Defendant and no response is required from Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.  Therefore, Defendant denies the same and demands strict proof thereof.

12.The allegations of Paragraph 12 are not directed at Defendant and no response is required from Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.  Therefore, Defendant denies the same and demands strict proof thereof.

13. The allegations of Paragraph 13 are not directed at Defendant and no response is required from Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. Therefore, Defendant denies the same and demands strict proof thereof.

14. The allegations of Paragraph 14 are not directed at Defendant and no response is required from Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. Therefore, Defendant denies the same and demands strict proof thereof.

15. The allegations of Paragraph 15 are not directed at Defendant and no response is required from Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint. Therefore, Defendant denies the same and demands strict proof thereof.

16. In response to Paragraph 16 of the Complaint, Defendant admits only that it makes, uses, sells and offers for sale knives in the United States. The remaining allegations of Paragraph 16 call for or state a legal conclusion therefore no response is required from Defendant. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

17. The allegations of Paragraph 17 of the Complaint are vague and unclear such that the same cannot be admitted or denied by Defendant. Plaintiff has not defined the term "the Deadlock knife" with sufficient specificity for Defendant to ascertain what specific knife or aspect thereof Plaintiff is attempting to reference. Therefore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint. Therefore, Defendant denies the same and demands strict proof thereof.

18.     In response to Paragraph 18 of the Complaint, Defendant admits only that Tony Marfione was gifted a knife manufactured by Plaintiff at the June 2021 Blade Show.  However, Defendant lacks sufficient information or recollection to confirm the specific statements as allegedly made as set forth in this Paragraph.  Therefore, Defendant must deny the same and demands strict proof thereof.

19.     In response to Paragraph 19 of the Complaint, Defendant admits only that it has made and sold knives with its "Zero Blade Play" or "ZBP" technology including models known as the Ultratech, Luminary, and Atreus.

20.     In response to Paragraph 20 of the Complaint, Defendant admits only that it made an Instagram post regarding its Atreus product which can be located at the link identified in Paragraph 20 and admits that Instagram post speaks for itself.  The remaining allegations of Paragraph 20 are not directed at Defendant and no response is required from Defendant.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.  Therefore, Defendant denies the same and demands strict proof thereof.

21.     In response to Paragraph 21 of the Complaint, Defendant admits only that the allegations include a link to what appears to be a YouTube video by another.  Defendant denies all remaining allegations in this Paragraph 21 and demands strict proof thereof.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint and denies that Plaintiff is entitled to any remedy or relief requested in the Complaint.

## FIRST CAUSE OF ACTION
### Alleged Infringement of U.S. Patent No. 9,498,889

25. In response to the allegations of Paragraph 25, Defendant repeats and realleges the foregoing Paragraphs of the Answer as if fully set forth herein.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. The allegations of Paragraph 28 call for or state a legal conclusion therefore no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 call for or state a legal conclusion therefore no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 call for or state a legal conclusion therefore no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 call for or state a legal conclusion therefore no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. In response to the allegations contained in Paragraph 37, Defendant admits only so much of the allegations as assert that Defendant was aware of the '889 patent before Plaintiff initiated this action.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint and denies that Plaintiff has suffered any harm or is entitled to any remedy or relief requested in the Complaint.

## REQUEST FOR RELIEF

40. Defendant asserts that no response is required to Plaintiff's Prayer for Relief. To the extent a response is required, Microtech denies all aspects of Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any of the relief that it requests.

## ADDITIONAL DEFENSES

41. Microtech asserts the following defenses to Plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Microtech in this action, such expression does not indicate that Plaintiff is relieved of its burden to prove each and every element of any such claims.

## FIRST DEFENSE
### (Failure to State a Claim)

42. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Non-Infringement)

43. Microtech has not infringed and does not currently infringe either directly, indirectly, contributorily, or by inducement, any valid, enforceable claim of the '889 patent, willfully or otherwise, either literally or by application of the doctrine of equivalents.

## THIRD DEFENSE
### (Invalidity)

44. On information and belief, one or more of the asserted claims of the '889 patent are invalid and/or unenforceable for failure to meet one or more of the conditions of patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH DEFENSE
### (Adequate Remedy at Law / No Irreparable Harm)

45. The injunctive relief sought in the Complaint is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages and therefore Plaintiff is not entitled to seek equitable relief.

46. Plaintiff is not entitled to injunctive relief as it has not and will not suffer irreparable harm based on acts attributable to Defendant.

## FIFTH DEFENSE
### (Unenforceability)

47. Plaintiff knew or should have known from a reasonable inquiry conducted before commencing this lawsuit that the activities or products made, used, sold, or offered for sale, in the U.S., or imported into the U.S. by Microtech do not infringe, literally or under the doctrine of equivalents, directly or indirectly, any claim of the patent asserted by Plaintiff.

48. Plaintiff commenced this lawsuit to gain an unfair competitive advantage over Microtech despite the existence of substantial questions of patentability related to the validity of Plaintiff's asserted patent.

49. Plaintiff's bad faith allegations of patent infringement to gain an unfair competitive advantage over Microtech constitute patent misuse, rendering the patent asserted by Plaintiff unenforceable.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

50. Defendant reserves the right to assert additional affirmative defenses if discovery or further analysis indicates that additional affirmative defenses are appropriate.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Defendant/Counterclaimant Microtech Knives Inc. ("Microtech" or "Defendant") hereby brings counterclaims against Plaintiff/Counterclaim-defendant Elk Creek Corporation ("ECC" or "Plaintiff") for judgment as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action declaring U.S. Patent No. 9,498,889 ("'889 patent") invalid and not infringed.

## THE PARTIES

2. Microtech Knives Inc. is a corporation formed and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 321 Fanning Fields Road, Mills River, NC 28759.

3. According to the Complaint, Plaintiff is a Idaho corporation with its principal place of business in Idaho City, Idaho.

## JURISDICTION AND VENUE

4. Microtech's counterclaims arise under United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5. An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and unenforceability of the '889 patent and the '889 patent ("the Asserted Patent"). In particular, in its Complaint, Plaintiff alleges infringement

of the Asserted Patent by Microtech. This controversy has sufficient immediacy and reality to warrant issuance of a declaratory judgment.

6. The Court has personal jurisdiction over Plaintiff by virtue of its filing of this action.

## COUNT I
### (Non-Infringement of the '889 patent)

7. Microtech realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-6 of these counterclaims.

8. In its Complaint, Plaintiff alleges that Microtech infringes the '889 patent.

9. Because Plaintiff has filed a patent infringement lawsuit against Microtech, an actual and justiciable controversy exists between Microtech and Plaintiff regarding Microtech's alleged infringement, of the '889 patent. Absent a declaration of non-infringement, Plaintiff will continue to wrongfully assert the '889 patent against Microtech and thereby cause Microtech irreparable injury and damage. The controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

10. Microtech has not and does not infringe the '889 patent, either literally or under the doctrine of equivalents, nor has Microtech indirectly infringed through inducement or otherwise. In particular, Microtech does not infringe because, among other reasons, any product of Microtech and/or method performed by Microtech does not meet all of the limitations of any valid and enforceable claim of the Asserted Patent.

11. Likewise, Microtech does not indirectly infringe because there is no direct infringer for the same reasons as stated in Paragraph 10. Further, Microtech lacked the requisite intent to cause infringement and has not actively induced any direct infringement by another.

12. For at least these reasons, Defendant is entitled to a decree and declaration of the Court that it does not infringe any valid claim of the Asserted Patent.

## COUNT II
### (Invalidity of the '889 patent)

13. Microtech realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-12.

14. In its Complaint, Plaintiff alleges that Microtech infringes the '889 patent.

15. Because Plaintiff has filed a patent infringement lawsuit against Microtech, an actual and justiciable controversy exists between Microtech and Plaintiff with respect to the validity of the '889 patent. Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the '889 patent against Microtech and thereby cause Microtech irreparable injury and damage. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16. The '889 patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112, and/or 115 and 116, and/or other applicable law.

17. In particular, the claims of the '889 patent are invalid for failure to meet the conditions for patentability required by 35 U.S.C. §102, if interpreted in a manner to cover Accused Products or actions identified in Plaintiff's Complaint, in that they are not novel. Additionally, the claims of the '889 patent are invalid because the claims are not novel in view of prior art, including prior art known to Plaintiff.

18. Furthermore, the claims of the '889 patent are invalid for failure to meet the conditions for patentability required by 35 U.S.C. §103, if interpreted in a manner to cover Accused Products or actions identified in Plaintiff's Complaint, in that the claimed invention as a

whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.

19. The claims of the '889 patent are invalid for failure to meet the conditions for patentability required by 35 U.S.C. §112, if interpreted to cover Accused Products or actions identified in Plaintiff's Complaint, in that the claims are indefinite pursuant to 35 U.S.C. §112(2), the claims are not enabled pursuant to 35 U.S.C. §112(1), and/or the claims lack adequate written description pursuant to 35 U.S.C. §112(1).

20. On information and belief, the claims of the '889 patent are invalid for failure to comply with 35 U.S.C. §§115 and 116, in that the patent was not applied for by identifying, and does not include the name(s) of the inventor(s) for the invention(s) claimed in the patent.

21. Defendant is entitled to a decree and declaration of the Court that the claims of the '889 patent are invalid.

### COUNT III
### (False Advertising, Unfair Competition, and Commercial Disparagement Under 15 U.S.C. § 1125(a) and State Law)

22. Microtech realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1-21.

23. In connection with the patent at issue, the sale of the Accused Product(s), and the initiation of these proceedings, ECC has engaged in false, deceptive, and disparaging practices unfairly undertaken by ECC and its principal, Gavin Hawk, on its behalf.

24. Statements made by and on behalf of ECC, including by Mr. Hawk, to members of the public and the general marketplace have contained representations that are factually false, fraudulent, deceptive, misleading, and disparaging, that are causing harm to Microtech, and that threaten continued and further harm if not enjoined (the "Subject Statements").

25. Such false statements and representations have included, in particular, the content of a YouTube video posted by ECC and Mr. Hawk at *youtube.com/watch?v=oxzf8u5URZQ* (the "Subject Video"), which was posted in or around May of 2025, as of this filing remains available online, and includes false statements and descriptions concerning Microtech's "ZBP Zero Blade Play OTF" product and its alleged infringement and relation to ECC's "Deadlock" product.

26. In the Subject Statements and Subject Video, ECC has stated, to the general public and in a manner unrelated to and unnecessary for the furtherance of these proceedings, false factual statements that are factually misleading and disparaging as a result.

27. Such false and fraudulent Subject Statements include, without limitation, the following:

- that Microtech is "utilizing [Elk Creek's] wedging mechanism";
- that Microtech "copied the shape of the [Elk Creek] stopping pin";
- that Microtech "copied the shape of the [Elk Creek] stop point";
- that, in response to the parties' correspondence, Microtech told Elk Creek to "go pound sand"; and
- that Microtech is "utilizing [Elk Creek's] mechanism."

28. Rather than fairly address the matters in suit in these proceedings, ECC and Mr. Hawk have chosen to falsely and deceptively disparage Microtech in the public marketplace in a manner that is entitled to no litigation privilege or protection.

29. Moreover, the motivation for and timing of both these proceedings and the Subject Statements is clearly and directly related to the occurrence of the knife industry's Blade Show on June 6 to 8, 2025, in Atlanta, Georgia, and the Subject Statements and Subject Video were clearly directed towards, and were heard and understood by, members of the

8

consuming public and were intended to affect their purchasing decisions with respect to the competing products available from ECC and Microtech.

30. Given this timing, the Subject Statements and Subject Video had their intended effect and have caused and, if continued, will continue to cause injury to Microtech, including in the form of reduced financial performance at the Blade Show, reduced sales of Microtech products overall, and injury to Microtech's goodwill and commercial reputation.

31. The Subject Statements by Mr. Hawk and ECC, in the Subject Video and otherwise, were materially false and deceptive and/or had the tendency to materially deceive a substantial portion of the intended audience and consuming public, causing harm to Microtech.

32. Microtech has suffered commercial harm as a result of the Subject Statements and Subject Video in that Microtech's reputation was damaged, other persons were deterred from associating with Microtech, and consumers were deterred from buying Microtech's products, harming Microtech in an amount to be proven at trial.

33. By these acts, ECC has willfully and deliberately engaged in acts and in a scheme and course of conduct to mislead the public as to the nature, characteristics and/or qualities of Microtech's products and commercial activities.

34. The deception created by ECC and Mr. Hawk has been undertaken with actual malice, in that it was made with knowledge of the Subject Statements' falsity or with reckless disregard for the truth.

35. ECC's and Mr. Hawk's acts are deliberate, deceptive, illegal, and unfair, and Microtech is entitled to recover actual, treble, and punitive damages, as well as ECC's profits and Microtech's costs of suit.

36. ECC's and Mr. Hawk's actions were outrageous and intentional and committed maliciously, wantonly, recklessly, willfully and/or oppressively and in conscious disregard for the rights of Microtech, so as to subject ECC to exemplary and punitive damages.

37. Additionally, the deception created by ECC's and Mr. Hawk's conduct was made by ECC with extraordinary disregard for the truth, oppression, and/or fraud, and therefore, Microtech is entitled to recover its attorney's fees incurred in this case.

## PRAYER FOR RELIEF

WHEREFORE, Microtech requests that this Court:

1. Adjudge that Plaintiff take nothing by reason of its Complaint;

2. Enter judgment in favor of Microtech and against Plaintiff on all claims for relief contained in Plaintiff's Complaint;

3. Enter judgment that Microtech has not infringed and does not infringe any claim of the '889 patent under 35 U.S.C. §271;

4. Enter judgement that the '889 patent is invalid;

5. That the Court declares that Plaintiff is without right or authority to threaten or to maintain suit against Defendant and/or any of its customers, dealers, agents, servants, or employees, or any perspective or present sellers, dealers, or users of Defendant's products or services, for alleged infringement of the Asserted Patent;

6. That the Court permanently enjoin Plaintiff, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, from initiating and/or maintaining infringement litigation and from threatening Defendant and/or any of its customers, dealers, agents, servants, or employees, or any perspective or present sellers, dealers, or users of Defendant's products, with infringement

litigation or charging any of them verbally or in writing with infringement of the Asserted Patent arising out of the making, importing, offering for sale, sale, or use of Defendant's products or services;

7. Adjudge this case exceptional and award Microtech be awarded its attorneys' fee and cost of suit incurred in defense against Plaintiff's Complaint and in prosecution of these counterclaims under 35 U.S.C. § 285;

8. That the Court permanently enjoin Plaintiff, and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, from engaging in or making any further false, deceptive, and disparaging practices or statements, including through continued posting of the Subject Video or making of further false, deceptive, misleading, or disparaging statements;

9. Awarding to Microtech actual and compensatory damages in an amount to be proven at trial;

10. Awarding to Microtech exemplary, treble, and punitive damages in an amount to be proven at trial;

11. Adjudge this case exceptional, pursuant to 15 U.S.C. § 1117, and awarding Microtech its attorney's fees, costs, and expenses pursuant thereto; and

12. Award Microtech any other relief that the Court deems just and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all claims and issues so triable.

Respectfully submitted,

Dated: July 21, 2025  /s/ J. Alexander Hershey
J. Alexander Hershey, Esquire
Pa. Bar. No. 84741
Clark Hill PLC
One Oxford Centre
301 Grant Street, 14th Fl.
Pittsburgh, PA 15219
Telephone: (412) 394-2450
Facsimile: (412) 394-2555
Email: ahershey@clarkhill.com

AND

Jason Pittman, Esquire
*Admitted Pro Hac Vice*
Dority & Manning, P.A.
P. O. Box 1449
Greenville, SC 29602-1449
Telephone: (864) 271-1592
Facsimile (864) 233-7342
Email: jpittman@dority-manning.com

*Counsel for Defendant
Microtech Knives Inc.*

## VERIFICATION

I, Anthony Marfione, as an authorized representative of Microtech Knives Inc. hereby verify that I am authorized to make this Verification on behalf thereof and verify under penalty of perjury that the facts set forth in the foregoing Answer and Counterclaims to Complaint are true and correct, to the best of my knowledge, information, and belief. I understand that this verification is made subject to 28 U.S.C. § 1746.

_____
President
Microtech Knives Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on the below date a copy of the foregoing Answer and Counterclaims to Complaint was filed with the Court's CM/ECF system, which will provide service on the parties of record in the action.

Date:  July 21, 2025

                                                    */s/* J. Alexander Hershey

                                                    *Counsel for Defendant*
                                                    *Microtech Knives Inc.*