# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELK CREEK CORPORATION, an Idaho Corporation, | Civil Action No. 1:25-CV-131-SPB |
| Plaintiff / Counter-Defendant | District Judge Susan Paradise Baxter |
| v. | |
| MICROTECH KNIVES, INC., a North Carolina Corporation, | |
| Defendant / Counter-Claimant. | |

**ELK CREEK CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FALSE ADVERTISING, UNFAIR COMPETITION, AND COMMERCIAL DISPARAGEMENT (COUNTS III AND IV)**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

LEGAL STANDARD ..........................................................................................................5

ARGUMENT .......................................................................................................................6

I.     MICROTECH FAILS TO STATE A VIABLE CLAIM FOR FALSE
ADVERTISING OR UNFAIR COMPETITION, AND AMENDED COUNT III
OF ITS COUNTERCLAIMS SHOULD BE DISMISSED ............................................6

     A.     Mr. Hawk's "Pound Sand" Statement is Non-Actionable as a Matter of
Law......................................................................................................................7

     B.     Mr. Hawk's Litigation Commentary is Non-Actionable as a Matter of Law .........9

           1.     Microtech Fails to Plead That Elk Creek Asserted its Patent Rights
in Bad Faith................................................................................................9

           2.     The Statements in the Litigation Commentary Are Not Actionable
Because They Were Accurate Statements About Elk Creek's
Patent Rights ...........................................................................................12

                  a.     The statement that Microtech "copied the shape of the [Elk
Creek] stopping pin" and "stopping point" accurately
summarizes Elk Creek's infringement claim and is non-
actionable...................................................................................13

                  b.     The statement that Microtech is "utilizing [Elk Creek's]
mechanism," including its "wedging mechanism,"
accurately summarizes Elk Creek's infringement claim and
is non-actionable .......................................................................14

II.     MICROTECH FAILS TO STATE A PLAUSIBLE CLAIM FOR
COMMERCIAL DISPARAGEMENT, AND COUNT IV OF ITS
COUNTERCLAIMS SHOULD BE DISMISSED.........................................................15

CONCLUSION..................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
    165 F.3d 891 (Fed. Cir. 1998)........................................................................9, 11

*Pactiv Corp. v. Perk-Up, Inc.*,
    No. 08-05072, 2009 U.S. Dist. LEXIS 72796 (D.N.J. Aug. 18, 2009)....................10

*Parker v. Learn the Skills Corp.*,
    530 F. Supp. 2d 661 (D. Del. 2008) ........................................................................8

*Pro Golf Mfg., Inc. v. Tribune Rev. Newspaper Co.*,
    570 Pa. 242, 809 A.2d 243 (Pa. 2002) ..................................................................16

*R.J. Ants, Inc. v. Marinelli Enters., LLC*,
    771 F. Supp. 2d 475 (E.D. Pa. 2011)......................................................................6

*Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*,
    401 F.3d 123 (3d Cir. 2005) ...................................................................................7

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010) ...................................................................................5

*Sunrise Med. Hhg v. Airsep Corp.*,
    95 F. Supp. 2d 348 (W.D. Pa. 2000) .....................................................................14

*Universal Elec. Corp. v. Baldwin*,
    No. 2:17-cv-00842, 2018 U.S. Dist. LEXIS 133294
    (W.D. Pa. Aug. 1, 2018) ................................................................... 5, 7, 15

*Warner-Lambert Co. v. BreathAsure, Inc.*,
    204 F.3d 87 (3d Cir. 2000) .....................................................................................6

*Zenith Elecs. Corp. v. Exzec, Inc.*,
    182 F.3d 1340 (Fed. Cir. 1999)..........................................................................9, 10

**Statutes**

15 U.S.C. § 1125(a)(1) ..................................................................................................6

35 U.S.C. § 282 ..........................................................................................................10

35 U.S.C. § 285............................................................................................................11


**Other Authorities**

Fed. R. Civ. P. 1..............................................................................................................2

Fed. R. Civ. P. 12(b)(6)...................................................................................................5

## INTRODUCTION

Microtech's Answer and Amended Counterclaims (ECF 24) fails to cure the defects that plagued its original Answer and Counterclaims (ECF 12) and required Elk Creek to file its Motion to Dismiss (ECF 19). Because Microtech still fails to state an actionable claim for false advertising and unfair competition, and because it cannot meet the requirements for pleading a claim for commercial disparagement, the Court should dismiss Amended Count III and Count IV of Microtech's Counterclaims.

Elk Creek Corporation sells knives under the name Hawk Knives. Elk Creek filed this patent infringement lawsuit after Microtech refused to stop making, using, and selling its infringing "Zero Blade Play" knives. Microtech retaliated with a counterclaim (Count III) asserting that Elk Creek violated the Lanham Act and unspecified "state law" when it made "false and fraudulent" statements in a YouTube video announcing the lawsuit. Microtech's counterclaim was baseless. Elk Creek moved to dismiss Count III under FRCP 12(b)(6), and Elk responded by amending Count III ("False Advertising and Unfair Competition") and adding Count IV ("Commercial Disparagement"). These counterclaims should be dismissed for at least three reasons.

First, none of the alleged false statements in Count III are actionable under the Lanham Act or Pennsylvania law. One statement—that Microtech responded to Elk Creek's cease-and-desist letter by telling Elk Creek to "essentially … pound sand"—is not a statement of fact about Microtech's or Elk Creek's goods or services. It is hyperbole and is not actionable as a matter of law. The remaining four statements are truthful and accurate summaries of the infringement allegations in Elk Creek's Complaint. Because Microtech fails to plead any facts to support its conclusory assertion that those statements were false and likely to influence customers' purchasing decisions, Microtech cannot satisfy the first and third requirements of its counterclaim.

4916-9542-4102\3

Second, Microtech has not asserted a plausible claim for false advertising or unfair competition because it does not plead any facts to support a finding of bad faith. Because the alleged false statements relate to Elk Creek's notice to the public of its patent rights, Microtech must plead that Elk Creek asserted those rights in bad faith. Microtech comes nowhere close to meeting this requirement.

Third, Microtech has not satisfied the stringent requirements for pleading a claim of commercial disparagement under Pennsylvania law. To state such a claim, Microtech must identify the specific customers it allegedly lost due to Elk Creek's conduct, and it must plead damages with "considerable specificity." Microtech falls well short of meeting this requirement; therefore, Count IV of its counterclaims should be dismissed.

Elk Creek understands that Rule 12(b)(6) motions to dismiss are generally disfavored. However, Elk Creek also understands that the parties and the Court have an obligation to "secure the just, speedy, and inexpensive determination" of this dispute. Fed. R. Civ. P. 1. Microtech's pleading defects are not curable by another amendment. Postponing resolution of Microtech's counterclaims will be wasteful and will force the parties and the Court to spend resources on claims that are defective as a matter of law. Elk Creek's Motion to Dismiss should be granted.

## **<u>BACKGROUND</u>**

Elk Creek is a leading designer and manufacturer of high-quality knives, including its flagship Hawk Knives "Deadlock" out-the-front (OTF) knife. Complaint (ECF 1) ¶¶ 10-11. Launched in 2015, the Deadlock uses a novel wedging mechanism that reduces blade play by locking the blade from moving in two planes. *Id*. at ¶¶ 11-12. This wedging system is protected by U.S. Patent No. 9,498,889, titled "Double Action, Out the Front Automatic Knife" (the "'889 Patent"). *Id*. at ¶ 12, Exhibit A. The '889 Patent discloses Elk Creek's wedging mechanism that uses a "stop pin" and "stop plate" to eliminate blade play. '889 Patent, Abstract; 3:27-4:26; 11:9-

13; 16:5-16:7; 18:4-5; Figs. 24, 25, 28, 33-39. Elk Creek marks its Deadlock knife with the '889 Patent. *Id.* at ¶ 13.

Microtech has known about Elk Creek's Deadlock knife and the '889 Patent since at least as early as June 2021. *Id.* at ¶ 17-18. In February 2024, Microtech announced that it would launch a competing Zero Blade Play ("ZBP") knife. Microtech has since made and sold various ZBP knives. *Id.* at ¶¶ 19-20.

In April 2025, Elk Creek sent a cease-and-desist letter notifying Microtech that its ZBP knives infringe the '889 Patent and demanding that Microtech stop its infringement. *See* Complaint ¶ 37; Declaration of Jordan Stott submitted herewith ("Stott Decl.") ¶ 2, Exh. A. Microtech refused to stop and denied infringing the '889 Patent. *Id.* at ¶ 2, Exh. B.

In May 2025, Elk Creek filed its Complaint, alleging that Microtech willfully infringed at least claim 9 of the '889 Patent by incorporating Elk Creek's wedging system into its ZBP knives. Complaint ¶¶ 27, 31-35.

Shortly after filing the Complaint, Elk Creek's President, Gavin Hawk, released a YouTube video notifying the public of the lawsuit. *See* Answer and Amended Counterclaims (ECF 24), Amended Counterclaim ¶ 33. The video was under 5 minutes long. Mr. Hawk explained that he filed a complaint against Microtech because Microtech copied Elk Creek's patented wedging mechanism. Stott Decl. ¶ 3, Exh. C. In the video, Mr. Hawk made the following statements regarding the parties' pre-suit communications and Microtech's infringement:

- Pre-Suit Communications: "I sent Microtech a cease-and-desist letter. They did respond to it but not in a way that was satisfactory. **Essentially, they said go pound sand**, so I have escalated to a complaint which I filed in the Western District of Pennsylvania." (The "Pound Sand Statement"); and

- Microtech's Infringing Conduct (collectively, the "Litigation Commentary"):

  o "So Microtech is **utilizing my wedging mechanism** in their ZBP OTF [out-the-front knife]. They have **copied the shape of the stop pin and the shape of the**

> **stopping point**, which is the magic behind no blade play in an OTF and the magic behind the Deadlock."
>
> o   "Again, I can only say so much as the lawsuit is ongoing, but I definitely wanted to take a moment and announce and tell people that **Microtech is utilizing my mechanism**."

*Id*.

In June 2025, Microtech's counsel sent a cease-and-desist letter to Elk Creek's counsel alleging that portions of Mr. Hawk's statements (shown in bold above) were "false and fraudulent." Amended Counterclaim ¶ 44; Stott Decl. ¶ 5, Exh. D. The letter did not explain how any of the statements were false and fraudulent. To the contrary, it explained that the statements "merely repeat allegations made by Elk Creek in the lawsuit." *Id*. Microtech concluded the letter by demanding that Mr. Hawk and Elk Creek obtain Microtech's approval before making any statement about the subject matter of the lawsuit. *Id*.

In July 2025, Microtech filed its Answer and Counterclaim (ECF 12). In Count III of its Counterclaim, Microtech alleged that portions of Mr. Hawk's statements (those shown in bold above) were "false and fraudulent." Counterclaim ¶ 27. It asserted that those statements, and other unspecified "actions" were "outrageous and intentional and committed maliciously, wantonly, recklessly, willfully and/or oppressively and in conscious disregard for the rights of Microtech." *Id*. at ¶ 36. Nowhere in its counterclaim did Microtech allege facts explaining how any of Mr. Hawk's statements were false, fraudulent, outrageous, intentional, malicious, or otherwise made in bad faith. *Id*. at ¶¶ 22-37. Moreover, Microtech accused Elk Creek of violating "state law," but it refused to identify the "state law" that Elk Creek allegedly violated. *Id*. at ¶¶ 22-37.

On August 11, 2025, Elk Creek filed its Motion to Dismiss (ECF 19) Count III of Microtech's Counterclaims. Elk Creek argued that the Counterclaim should be dismissed for four reasons: (1) the "pound sand" statement is non-actionable puffery; (2) the remaining alleged false

statements are not actionable because they relate to the assertion of Elk Creek's patent rights; (3) Microtech failed to plead that Elk Creek asserted its patent rights in bad faith; and (4) Microtech failed to plead any plausible facts to support its "state law" counterclaim. Memorandum in Support of Motion (ECF 19-1).

Microtech responded with an Amended Counterclaim III ("False Advertising and Unfair Competition") and new Counterclaim IV ("Commercial Disparagement Under the Common Law"). These counterclaims fail to cure any of the defects in Counterclaim III, as originally filed, and fail to state a plausible claim. They should be dismissed.

## **LEGAL STANDARD**

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must "plead more than the possibility of relief" and must set out "sufficient factual matter" to show its claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This standard requires a plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In evaluating motions to dismiss for failure to state a claim, courts in the Third Circuit conduct the following steps: "(1) identify the elements a plaintiff must plead to state a claim; (2) discard any conclusory allegations contained in the complaint 'not entitled' to the assumption of truth; and (3) determine whether any 'well-pleaded factual allegations' contained in the complaint 'plausibly give rise to an entitlement to relief.'" *Universal Elec. Corp. v. Baldwin*, No. 2:17-cv-00842, 2018 U.S. Dist. LEXIS 133294, at *13-14 (W.D. Pa. Aug. 1, 2018) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). "The court must accept as true all factual allegations in the complaint and construe all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff." *Id.* at *14 (citation omitted). But a defendant

cannot survive a motion to dismiss with bald assertions or legal conclusions, and courts "must disregard any 'formulaic recitation of the elements of a cause of action.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

## **ARGUMENT**

## I.    **MICROTECH FAILS TO STATE A VIABLE CLAIM FOR FALSE ADVERTISING OR UNFAIR COMPETITION, AND AMENDED COUNT III OF ITS COUNTERCLAIMS SHOULD BE DISMISSED**

Microtech fails to plead a plausible claim for relief for false advertising and unfair competition under the Lanham Act or the common law. The Lanham Act prohibits the use of any "false or misleading representation of fact" in commercial advertising that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1). To establish such a claim, Microtech must plead and prove that:

1.    Elk Creek made false or misleading statements as to its own product or Microtech's product;

2.    there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;

3.    the deception is material in that it is likely to influence purchasing decisions;

4.    the advertised goods traveled in interstate commerce; and

5.    there is a likelihood of injury to Microtech in terms of declining sales, loss of good will, etc.

*Warner-Lambert Co. v. BreathAsure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000). Microtech falls well short of satisfying these requirements, and its Lanham Act claim should be dismissed.

The elements of a claim for unfair competition under Pennsylvania law are identical to the elements required for Microtech's Lanham Act counterclaim, except for the federal requirement of interstate commerce. *R.J. Ants, Inc. v. Marinelli Enters., LLC*, 771 F. Supp. 2d 475, 489 (E.D.

Pa. 2011). Therefore, the same defenses that apply to Microtech's Lanham Act claim and mandate dismissal of that claim also apply to Microtech's unfair competition under the common law, and mandate dismissal of that claim.

Microtech's false advertising and unfair competition counterclaim is directed to five statements—the Pound Sand Statement and four statements in the Litigation Commentary—that Mr. Hawk made in the YouTube video announcing the lawsuit. *See* Answer and Amended Counterclaims ¶¶ 32, 36, 63. Neither the Pound Sand Statement nor the Litigation Commentary are actionable. Even if the Court accepts all allegations in the counterclaim as true and draws all reasonable inferences in favor of Microtech, Microtech's counterclaim contains nothing more than conclusory assertions and should be dismissed.

### A.    Mr. Hawk's "Pound Sand" Statement is Non-Actionable as a Matter of Law

To satisfy the first element of its counterclaim, Microtech must plead and prove that Elk Creek made a *representation of fact* that was "either (1) literally false or (2) literally true or ambiguous, but misleading to consumers." *Universal Elec.*, 2018 U.S. Dist. LEXIS 133294, at *17 (*citing Santana Prod., Inc. v. Bobrick Washroom Equip., Inc*., 401 F.3d 123, 136 (3d Cir. 2005)). "Only statements of fact capable of being proven false are actionable under the Lanham Act." *Id.* at *18 (citation omitted).

Statements of "general opinion" are not actionable, nor is hyperbole or "puffery." *Id.* Puffery is "an 'exaggeration or overstatement expressed in broad, vague, and commendatory language' on which no reasonable buyer would rely." *Id.* (*quoting Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 945* (3d Cir. 1993)). Courts routinely grant motions to dismiss false advertising claims when the alleged false statements are puffery. *See, e.g., Corsale v. Sperian Energy Corp., 412 F. Supp. 3d 556, 563* (W.D. Pa. 2019) (granting motion to dismiss Lanham Act claim where allegations were "threadbare," and holding alleged false statement that defendant offered

"competitive rates" was non-actionable puffery); *Parker v. Learn the Skills Corp*., 530 F. Supp. 2d 661, 679 (D. Del. 2008) (dismissing Lanham Act claim because alleged false statements "speak more to name calling and personal opinions regarding plaintiff, rather than false and misleading statement[s] regarding defendants' products or plaintiff's products.").

Here, the characterization that Microtech "essentially" told Elk Creek to "pound sand" in response to Elk Creek's cease-and-desist letter is not a "statement of fact" and, at most, is puffery. The statement is not quantifiable, is not capable of being proven false, and is not likely to mislead consumers. To the contrary, the statement was a figure of speech characterizing Microtech's refusal to comply with Elk Creek's pre-suit demand letter, expressed in exaggeration, hyperbole, and overstatement. No reasonable buyer would believe that Microtech literally told Elk Creek to "pound sand" or punch fists into a beach. In addition, the statement was not made in connection with Microtech's or Elk Creek's products. Therefore, the Pound Sand Statement does not satisfy the first element of a claim for false advertising or unfair competition.

Likewise, the Pound Sand Statement does not satisfy the second element because it is not likely to deceive the intended audience. The statement is, in essence, an acknowledgement that Microtech would not comply with Elk Creek's request that Microtech stop its infringement. Microtech does not deny that it refused to stop making and selling its infringing ZBP knives, and its Answer and Amended Counterclaims confirm that it has no intention of doing so. Thus, Mr. Hawk's characterization of Microtech's refusal is not likely to deceive or influence anyone.

Finally, Microtech pleads no facts to suggest that the Pound Sand Statement satisfies the third element of a claim for false advertising or unfair competition, namely that the statement was material in that it is likely to influence purchasing decisions of customers. The counterclaim fails to identify any customer or potential customer who was misled by the Pound Sand Statement, or

who would rely upon this statement when making their purchasing decision. The statement is not actionable.

**B.    Mr. Hawk's Litigation Commentary is Non-Actionable as a Matter of Law**

**1.    Microtech Fails to Plead That Elk Creek Asserted its Patent Rights in Bad Faith**

Microtech's counterclaim should be dismissed for the additional reason that Microtech fails to satisfy the required element of bad faith. Where, as here, a Lanham Act claim arises from a patent owner's marketplace activity in support of its patent, the party claiming a Lanham Act violation must also establish that the patent owner acted in bad faith. *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999) ("A patentee's statements regarding its patent rights are conditionally privileged under the patent laws, so that such statements are not actionable unless made in bad faith.").

In Lanham Act cases involving alleged false statements about patent rights, "[b]ad faith includes separate objective and subjective components." *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008) (citing *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998)). The objective component requires a showing that the infringement claims were "objectively baseless," meaning that "no reasonable litigant could reasonably expect success on the merits." *Id.* (quoting *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007)). Thus, even if Elk Creek's patent infringement claim were ultimately unsuccessful, this would still be insufficient to show bad faith without something more. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002) (Patentees are "allowed to make representations that turn out to be inaccurate provided they make them in good faith."). In contrast, an example of bad faith is when a patentee "represents to the

marketplace that a competitor is infringing the patent" but knows that its patent is "invalid, unenforceable, or not infringed." *Zenith Elecs*, 182 F.3d at 1354.

Conclusory allegations of bad faith are insufficient to state a claim for relief under the Lanham Act where, as here, the alleged false statements relate to a party's patent rights. *Pactiv Corp. v. Perk-Up, Inc.*, No. 08-05072, 2009 U.S. Dist. LEXIS 72796, at *23 (D.N.J. Aug. 18, 2009). In *Pactiv*, the court granted the patentee's Rule 12(b)(6) motion to dismiss a Lanham Act counterclaim. *Id.* There, the defendants/counterclaimants alleged that the patentee told defendants' customers and potential customers that defendants infringed the asserted patent, knowing those statements were false. *Id.* at *24. But defendants' bare assertion, without more, was not enough to survive a motion to dismiss. *Id.* Because defendants "fail[ed] to provide any facts that would suggest Plaintiffs actually gained the alleged knowledge [that defendants did not infringe] or that discovery would reveal evidence of knowledge," the court dismissed the counterclaims and held that defendants' failed to sufficiently plead bad faith. *Id.* at *24.

Like the defendants in *Pactiv*, Microtech pleads no plausible facts showing that Elk Creek made any bad-faith statement regarding the '889 Patent or Microtech's infringement of the patent. Microtech does not allege that Elk Creek asserted the '889 Patent *knowing* it was invalid or unenforceable. This is not surprising because the patent was duly issued and is entitled to a statutory presumption of validity. 35 U.S.C. § 282. Likewise, Microtech pleads no plausible facts showing that Elk Creek filed its patent infringement claim, or made any statement about Microtech's infringement, *knowing* that Microtech did not infringe the patent.

Microtech alleges that Elk Creek asserted its patent rights in bad faith because: (1) Elk Creek "misapprehends" its own patent and interprets it differently than Microtech, and (2) Microtech denied infringement during the parties' "pre-litigation exchange." Amended

Counterclaims ¶ 29. This is not enough to meet the bad-faith requirement for at least four reasons. First, Microtech has yet to identify any authority to suggest that a patent infringement lawsuit is brought in bad faith merely because the defendant denies infringement during pre-suit communications. If that were the case, every plaintiff who sends a cease-and-desist letter would open itself up to a claim for bad faith so long as the defendant denies infringement. This would also chill efforts to settle disputes before filing a complaint. Second, if Elk Creek's infringement claims were objectively baseless and filed in bad faith, Microtech should have moved to dismiss those claims under Federal Rules of Civil Procedure 11 and 12. The fact that it did not do so belies its hollow assertion of bad faith. Third, Microtech essentially argues that its interpretation of the '889 Patent is controlling and that it is bad faith for Elk Creek to disagree with Microtech. But no court has construed the claims of the '889 Patent. Fourth, even if discovery and claim construction reveal that Elk Creek asserted or maintained its infringement claim in bad faith (which it did not), then Microtech has recourse under § 285 of the Patent Act, which allows courts to declare such cases "exceptional." 35 U.S.C. § 285.

Elk Creek's conduct is precisely the type of conduct that courts protect and insulate from liability. Patent owners, like Elk Creek, are free to notify the public and potential infringers of their patent rights without fear of violating the Lanham Act, so long as they do not act in bad faith. *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 709 (Fed. Cir. 1992) (a patentholder "that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers"); *Mikohn Gaming*, 165 F.3d at 896-97 ("Federal law has uniformly upheld a patentee's right to publicize the issuance of patents and to so inform potential infringers."); *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 764-765 (W.D. Pa. 2007) (denying motion for preliminary injunction to prevent patentee from making communications about defendant's

alleged patent infringement, and holding that sending patent notice letters to customers and potential customers "does not establish bad faith").

Microtech has, at most, established that it disputes infringing Elk Creek's patent. But without pleading any facts showing that Elk Creek made bad-faith statements about its patent rights, Count III of Microtech's Amended Counterclaims fails as a matter of law and must be dismissed.

### 2. The Statements in the Litigation Commentary Are Not Actionable Because They Were Accurate Statements About Elk Creek's Patent Rights

Microtech does not plead any facts showing that Elk Creek asserted its patent rights in bad faith because none exist. As Microtech admitted in its June 4, 2025 demand letter, the statements that Mr. Hawk made in the Litigation Commentary "merely repeat allegations made by Elk Creek" in the Complaint. Stott Decl. ¶ 5, Exh. D. Such statements are not actionable. Where, as here, a party communicates "accurate information about patent rights, whether by direct notice to potential infringers or a press release," a finding of bad faith is not supported. *Lawman Armor Corp. v. Master Lock Co*., No. 02-6605, 2004 U.S. Dist. LEXIS 2905, at *12 (E.D. Pa. Feb. 27, 2004) (dismissing Lanham Act claim on summary judgment because alleged false statements patentee made in press releasees and letters to customers were objectively accurate and did not meet the falsity requirement to establish bad faith).[1]

---

[1] Indeed, "the law recognizes a presumption that the assertion of a duly granted patent is made in good faith ... [and] this presumption is overcome only by affirmative evidence of bad faith." *C.R. Bard, Inc., M3* Sys., Inc., 157 F.3d 1340, 1369 (Fed. Cir. 1998). Microtech's counterclaim identifies no affirmative evidence of bad faith.

a.    The statement that Microtech "copied the shape of the [Elk Creek] stopping pin" and "stopping point" accurately summarizes Elk Creek's infringement claim and is non-actionable

Elk Creek's products, including its Deadlock knife, are protected by the '889 Patent and the innovative wedging system disclosed and claimed in the patent. Complaint ¶ 12. Claim 9 of the patent requires both a "stop pin" and a "stop plate" ('889 Patent 18:4-5), and the patent provides a detailed description of these claimed features. As described in the abstract, the claimed knife "includes a stop pin connected to a tang of a blade and a stop plate positioned within a knife handle." '889 Patent, Abstract. The written description of the patent goes on to describe the stop pin and stop plate in detail. *See, e.g.*, '889 Patent 15:29-33 ("The tapered stop pin 48, in conjunction with a tapered stop plate 70, consisting of duel angles of engagement, will guarantee that the blade 2 will be wedged tightly against any possible movement in the two principle planes, responsible for rigidity.").

In describing Elk Creek's infringement claim, Mr. Hawk explained that Microtech copied patented features of Elk Creek's Deadlock knife, including the stopping pin and stopping point. *See* Stott Decl. ¶ 4, Exh. C. Microtech alleges this statement was "false" (Amended Counterclaim ¶ 36), but it fails to plead any plausible facts to support its bald assertion. Nowhere does Microtech explain why the statement was false, much less identify facts showing it was made in bad faith. Instead, Microtech relies entirely on the fact that, in response to Elk Creek's cease-and-desist letter, which included detailed claim charts explaining precisely how Microtech's Zero Blade Play or "ZBP" knives infringes the '889 Patent, it denied infringement and denied using or copying Elk Creek's stopping mechanism. *Id*. at ¶¶ 39-40. But Microtech's self-serving denial, by itself, does not establish a plausible claim that Mr. Hawk's statement was false, misleading, or made in bad faith.

13

Of course, Mr. Hawk's statement was not false, misleading, or made in bad faith. Instead, the statement accurately summarizes Elk Creek's infringement claim and its allegation that the ZBP knives include a stop pin and a stop plate. Complaint at ¶¶ 31-35. In fact, Elk Creek could not state a claim for infringement of claim 9 *without* alleging that the ZBP knives include the stop pin and stop plate because those are required elements of the claim. *See Sunrise Med. Hhg v. Airsep Corp.*, 95 F. Supp. 2d 348, 441 (W.D. Pa. 2000) ("literal infringement requires that each and every element of a claim or its substantial equivalent be found in the accused device.").

In addition, Microtech does not plead any facts suggesting that Mr. Hawk's statement was material in that it is likely to influence purchasing decisions. Instead, Microtech relies on conclusory and blanket allegations that all of Mr. Hawk's statements were material to customers' purchasing decisions. Amended Counterclaim ¶¶ 56, 59, 66. But it does not identify a single customer who allegedly relied on Mr. Hawk's "stopping pin" and "stopping point" statement, much less made a purchasing decision based on that statement. Thus, Microtech cannot satisfy the first and third requirements of a Lanham Act claim.

> **b.    The statement that Microtech is "utilizing [Elk Creek's] mechanism," including its "wedging mechanism," accurately summarizes Elk Creek's infringement claim and is non-actionable**

Microtech's counterclaim directed to the statement Mr. Hawk made about Elk Creek's patented "wedging mechanism" (Amended Counterclaim ¶ 36) fails for the same reasons, namely, that Microtech fails to plead any facts showing that the statement was false, fraudulent, or made in bad faith. The '889 Patent describes this wedging mechanism made of the stop pin and stop plate (referred to as a "wedge system") in detail. ('889 Patent 11:9-13; 16:5-16:7; Figs. 33-39). And the Complaint describes how this wedging system, which uses the stop plate and stop pin, solved the undesirable problem of blade play by locking the blade from moving in two planes.

Complaint at ¶¶ 12, 31-35. Mr. Hawk's statement that Microtech is using its patented wedging mechanism is an accurate description of Elk Creek's infringement claim. Indeed, Elk Creek could not state a viable claim for infringement of claim 9 of the '889 Patent without alleging that the accused knives include a wedge system because that system is a required element of the claim.

Microtech does not allege any facts to suggest that Elk Creek asserted the '889 Patent in bad faith, knowing that the ZBP knives do not use a wedging mechanism. *See* Amended Counterclaim ¶¶ 22-72. Microtech does not explain why its ZBP knife allegedly does not use this mechanism, much less explain how Elk Creek's assertion otherwise was made in bad faith. Instead, Microtech (again) relies exclusively on its disagreement with Elk Creek's infringement claim and the fact that Microtech denied infringement in pre-suit communications with Elk Creek. *Id*. at ¶¶ 39-40. These threadbare denials are not enough to overcome dismissal. Likewise, Microtech relies on conclusory allegations of materiality (*id*. at ¶ 56, 59, 66) without pleading any *facts* to suggest that Mr. Hawk's "wedging mechanism" statement was material. *Id*. Thus, Microtech has pled no facts to suggest that the statement meets the first and third requirements of a Lanham Act claim.

## II. MICROTECH FAILS TO STATE A PLAUSIBLE CLAIM FOR COMMERCIAL DISPARAGEMENT, AND COUNT IV OF ITS COUNTERCLAIMS SHOULD BE DISMISSED

Microtech fails to state a plausible claim for commercial disparagement, and Count IV of its counterclaims should be dismissed for at least three reasons. First, Microtech fails to satisfy the exacting standard for pleading damages. A party claiming commercial disparagement "must plead damages with considerable specificity by setting out 'the names of customers lost and financial loss resulting from the tort.'" *KDH Elec. Sys., Inc. v. Curtis Tech. Ltd*., 826 F. Supp. 2d 782, 806 (E.D. Pa. 2011). Pleading pecuniary loss with "considerable specificity" is the "defining hallmark of a trade disparagement claim." *Universal Elec.*, 2018 U.S. Dist. LEXIS 133294, at *42, *44 (dismissing commercial disparagement claim where "computational breakdown of the pre-

disparagement and post-disparagement sales figures" was "conspicuously absent" from complaint). Microtech does not identify a single customer it allegedly lost due to any of the alleged false statements, much less plead damages with "considerable specificity." Count IV of Microtech's counterclaims should be dismissed for this reason alone.

Second, Microtech fails to plead plausible facts that would allow the Court to infer that Mr. Hawk made knowingly false statements in reckless disregard of their truth or falsity. To state an actionable claim for commercial disparagement under Pennsylvania law, Microtech must allege facts supporting each of the following elements: (1) the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does in fact result; and (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity. *KDH Elec. Sys.,* 826 F. Supp. 2d 782 at 806 (citing *Pro Golf Mfg., Inc. v. Tribune Rev. Newspaper Co.,* 570 Pa. 242, 809 A.2d 243, 246 (Pa. 2002)). As described above, Microtech pleads no facts to suggest that Elk Creek knew that any of Mr. Hawk's alleged false statements were false or that Mr. Hawk made any statements in bad faith. Therefore, Microtech has not pled facts to satisfy the first and fourth elements of a commercial disparagement claim.

Third, Microtech's commercial disparagement claim is preempted because Microtech has not pled any plausible facts allowing the Court to infer that Mr. Hawk's statements about this lawsuit were made in bad faith. Indeed, "federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Matthews Int'l Corp. v. Biosafe Eng'g,* 695 F.3d 1322, 1332 (Fed. Cir. 2012) (quoting *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.,* 362 F.3d 1367, 1374 (Fed. Cir. 2004)).

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Amended Count III and Count IV of

Microtech's counterclaims.

Date:  September 12, 2025                              Respectfully submitted,

*/s/ Anthony W. Brooks*
Anthony W. Brooks (PA ID No. 307446)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone: 412.471.8815
Facsimile: 412.471.4094
Email: abrooks@webblaw.com

*AND*

Dana M. Herberholz (*admitted pro hac vice*)
Jordan Stott (*admitted pro hac vice*)
**DORSEY & WHITNEY LLP**
101 S. Capitol Boulevard, Suite 1100
Boise, ID 83702
Telephone:  208.617.22550
Facsimile:  208.567.4992
Email:  herberholz.dana@dorsey.com
             stott.jordan@dorsey.com

*Attorneys for Elk Creek Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 12th day of September, 2025, I electronically filed the within and foregoing instrument with the Clerk of the Court using the CM/ECF system, which caused the following parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

J. Alexander Hershey – ahershey@clarkhill.com

Jason A. Pittman – jpittman@dority-manning.com

*/s/ Anthony W. Brooks*
Anthony W. Brooks